UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEREMY TODD COOPER,

    Plaintiff,

v.                                Case No: 8:22-cv-1645-KKM-AAS

PASCO COUNTY, FLORIDA, et al.,

    Defendants.
_____

ORDER

Plaintiff Jeremy Todd Cooper alleges that the defendants deprived him of his civil rights. The Court dismissed Cooper's initial complaint without prejudice because it was an impermissible shotgun pleading and failed to establish federal jurisdiction. (Doc. 4.) Cooper has since filed an Amended Complaint. (Doc. 5.) Upon review the Court concludes that Cooper's Amended Complaint also constitutes an impermissible shotgun pleading and fails to establish federal jurisdiction.

Complaints that violate Federal Rule of Civil Procedure 8(a)(2) or 10(b) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has recognized four basic types of shotgun pleadings: (1) a complaint that contains multiple counts where each

count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. *Id.* at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

Cooper's Amended Complaint is also a shotgun pleading because it fails to separate into different counts each cause of action or claim for relief and fails to specify which of the multiple defendants are responsible for which acts or omissions forming the basis for the claims. The "Argument" section in the Amended Complaint alleges purported wrongdoing by one of the individual defendants but wholly fails to allege sufficient facts to allow the other defendants to determine what allegations are being made against them and to prepare their responses. (Doc. 5 at 2–3.) The conclusory and vague allegations in the Amended Complaint are not sufficient to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.

2

Additionally, Cooper has not established federal jurisdiction by demonstrating either federal question or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Although Cooper alleges this court has federal question jurisdiction under 28 U.S.C. § 1343 because the defendants "deprived [Cooper] of his civil rights," no federal question is presented by the allegations in the Amended Complaint. (Doc. 5 at 1.)

Therefore, if he wishes to proceed with this action, Cooper must file a second amended complaint that specifically identifies which federal causes of action he is asserting.

Accordingly, it is **ORDERED**:

(1) Plaintiff's Amended Complaint (Doc. 5) is dismissed without prejudice.

(2) Defendants' Motion to Dismiss (Doc. 11) is **DENIED as moot**.

(3) By **September 8, 2022**, Plaintiff may file an amended Complaint consistent with the directives of this Order and in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b). The Court notes that this will be Plaintiff's final opportunity to amend. Failure to file an amended complaint by this deadline will result in dismissal of the action without further notice.

**ORDERED** in Tampa, Florida, on August 11, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**